UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD; THE ASSOCIATION 4 EQUAL ACCESS,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC WESTERN BANK, a business of unknown form; COMMUNITY NATIONAL BANK, a business of unknown form; DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3:18-cv-2662-CAB-NLS<br><br>**ORDER ON MOTION TO SET ASIDE DEFAULT**<br><br>**[Doc. No. 19]** |
| PACIFIC WESTERN BANK, a California state-chartered bank,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ROES 1 through 20; FALLBROOK GRF2, LLC, a Delaware limited liability company,<br><br>Third-Party Defendants. | |

On November 21, 2018, Plaintiffs James Rutherford and The Association 4 Equal Access, filed a complaint alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181, *et seq.,* and the California Civil Rights Act ("UNRUH"), California Civil Code section 51, *et seq.* [Doc. No. 1.] The summons was issued and served on December 6, 2018. [Doc. Nos. 2, 3, 4.]

On December 28, 2018, Defendant Pacific Western Bank ("PWB") filed an answer [Doc. No. 9] and a third-party complaint against Fallbrook GRF2, LLC ("Fallbrook") [Doc. No. 10]. PWB asserts a claim for equitable indemnity against Fallbrook. [*Id.*] A summons was issued and served on January 3, 2019. [Doc. Nos. 12, 13.]

On February 11, 2019, PWB filed a Request for Entry of Default against Fallbrook [Doc. No. 15] and on February 12, 2019, the Clerk entered the Default [Doc. No. 16]. On February 20, 2019, PWB and Fallbrook filed a Joint Stipulation to Set Aside Entry of Default. [Doc. No. 19.]

A court may set aside a default for good cause shown. Fed. R. Civ. P. 55(c). Factors to consider include whether a defendant engaged in culpable conduct, whether defendant has a meritorious defense, and whether setting aside default will prejudice plaintiff. *See Franchise Holding, II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

Here, the Court has reviewed the stipulation and in consideration of the circumstances surrounding the miscommunication regarding the filing of the answer to the third-party complaint and in light of the fact that PWB has stipulated to the setting aside of the default, the Court concludes that good cause has been shown and that setting aside the default will not prejudice PWB. Accordingly, the Court **GRANTS** the motion. [Doc. No. 19.]

//

//

//

The entry of default against Fallbrook is vacated. [Doc. No. 16]. Fallbrook shall answer or otherwise respond to the third-party complaint **no later than February 28, 2019**.

It is **SO ORDERED**.

Dated: February 22, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge